IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY GRESHAM, #308643           :
        Petitioner

  v.                                                    :   CIVIL ACTION NO. WDQ-05-644

JON P. GALLEY, WARDEN, *et al.*      :
        Respondents

### MEMORANDUM

Now before the Court is the Petition for habeas corpus relief filed by Maryland prisoner Jeffrey Gresham (Paper No. 1), Respondents' Answer thereto (Paper No. 14), and Petitioner's Replies. (Paper Nos. 15, 17 and 18). After review of these papers, the Court finds no need for an evidentiary hearing.[1] *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. Section 2254(e)((2). For the reasons that follow, the Petition is dismissed and relief denied.

### Procedural History

On December 1, 1995, Petitioner entered an *Alford*[2] plea in the Circuit Court for Prince George's County to a charge of carjacking, and was sentenced by the Honorable William B. Spellbring Jr. to twenty years incarceration, to run concurrently with a similar sentence imposed

---

[1] Also pending is Petitioner's Motion to Withdraw the petition with prejudice, wherein Petitioner offered to withdraw this action if Respondent agreed to reduce Petitioner's sentence in accord with his interpretation of Maryland law. Paper No. 13. Respondents have not indicated agreement, and the Motion is therefore denied as moot.

[2] Under *North Carolina v. Alford*, 400 U.S. 25, 27 (1970), a defendant may voluntarily, knowingly, and understandingly consent to imposition of a sentence even if he or she is unwilling or unable to admit participating in the crime. Petitioner was arrested for an unrelated carjacking on November 16, 1994, at which time he confessed to involvement in the November 5, 1994 carjacking at issue here. In the November 5, 1994, crime, Sam Wilson was flagged down by Doreen Habersham while driving by Marlboro Pike and Ruston Avenue in Capitol Heights, Maryland. When he stopped to aid Habersham, Petitioner placed a handgun to Wilson's head and demanded the victim's Dodge Caravan. Paper No. 14, Exhibit 2 at 11-12.

following conviction in an unrelated carjacking.[3]  (Paper No. 14, Exhibits 1 and 2).  At sentencing, Judge Spellbring, recognizing "the fact that [the plea called for] a negotiated sentence," stated that if the sentence in the previous case was reduced by the sentencing judge, he too would reduce the sentence imposed to "run as the same sentence in effect."  (*Id.*, Exhibit 2 at 15).

Petitioner did not file an application for leave to appeal, but did file a motion for reconsideration of his sentence as well as a petition for post conviction relief.  (*Id*, Exhibits 1, 3 and 4).  As noted supra, on July 30, 1999, Judge Spellbring agreed to suspend the balance of Petitioner's twenty year sentence, placing him on probation.  (*Id.*, Exhibit 1).  Petitioner's application for post conviction relief in connection with the plea before Judge Spellbring remained pending.  (*Id.*).

Petitioner subsequently was charged with violating probation.  At his December 15, 2000 hearing, Petitioner admitted failing to report to his probation officer and failing to complete a substance abuse program, but provided explanation for those failures.  (*Id.*, Exhibit 1 and Exhibit 5 at 3-8).  Judge Spellbring deferred sentencing to a later date.  (*Id.*, Exhibit 5 at 24).  On June 14, 2002, having heard evidence of continuing compliance problems, Judge Spellbring sentenced Petitioner to serve the remainder of the original twenty-year sentence, with credit for time served. (*Id.*, Exhibits 1 and 6).

Petitioner sought leave to appeal the order revoking probation, on grounds that:

1.  The sentence imposed violated Maryland Rule 4-347 and his constitutional rights;

---

[3]  On December 1, 1995, Petitioner received a twenty-year sentence and a ten-year concurrent sentence, commencing November 16, 1994 and imposed by Prince George's County Circuit Court Judge Richard H. Sothoron in Case No. CT-95-0424A.  Petitioner never sought reconsideration of his sentence before Judge Sothoron, but instead prevailed in post conviction proceedings before the Honorable Sherrie L. Krauser, who subsequently resentenced him to eight years.  Thereafter, Judge Krauser reduced Petitioner's sentence to four years and 256 days, with five years probation.  Judge Spellbring then "did the same thing [to reflect Judge Krauser's reconsideration] because the plea that I took was to be a concurrent sentence with Judge Sothoron's sentence."  *See id.*, Exhibit 6 at 3-5.

    2.      The sentence imposed was cruel and unusual;

    3.      The guilty plea was involuntary based on coercive comments made by Judge Spellbring;

    4.      The trial court improperly denied his motion to establish himself as co-counsel; and

    5.      Trial counsel was ineffective.

(*Id*., Exhibit 7). On February 18, 2004, the Court of Special Appeals of Maryland summarily denied the application. (*Id*., Exhibit 8 at 1).

Meanwhile, Petitioner twice sought to amend the pending post conviction petition. (*Id*., Exhibits 9-10). As restated by the post conviction court, Petitioner contended that:

    1.      The court abused its discretion in revoking probation and executing the entire term of the sentence in violation of Petitioner's due process rights and right to confront adverse witnesses;

    2.      Petitioner's plea agreement was improper, because (i) it was not voluntary and (ii) the trial judge should not have presided over the plea;

    3.      The court lacked jurisdiction to modify Petitioner's sentence at revocation;

    4.      The court abused its discretion by refusing to consider Petitioner's motion to establish himself as co-counsel;

    5.      Petitioner was denied effective assistance of counsel; and

    6.      The court imposed an illegal sentence at the revocation hearing.

(*Id*., Exhibit 11 at 1). Following a hearing, relief was denied on all grounds by Order dated May 5, 2004. (*Id*., Exhibit 11). Petitioner filed an application for leave to appeal the denial of post conviction relief, arguing specifically that the post conviction court erred in concluding that his sentence was not illegal in light of *Benedict v. Maryland*, 377 Md. 1, 831 A.2d 1060 (Md. App.

2003). (*Id*., Exhibit 12). On January 12, 2005, the intermediate appellate court summarily denied the application for leave to appeal. (*Id*., Exhibit 13). On July 22, 2005, Petitioner's third motion

to correct an illegal sentence was heard. As a result, the court vacated the sentence imposed at the probation revocation proceeding and imposed a new thirteen-year sentence. (*See* Paper No. 14 at 6 n. 2).

In this habeas corpus action, his first in federal court, Petitioner asserts that:

1. The state court executed an illegal sentence at the probation revocation hearing;

2. The state court's actions rendered the original *Alford* plea involuntary;

3. The state court erred in revoking his sentence;

4. The state court erred in modifying his sentence; and

5. Petitioner was denied effective assistance of counsel.

(Paper No. 1 at 4).

## **Threshold Considerations**

### **Statute of Limitations**

Respondents do not contend -- and the Court does not find -- that the petition is time-barred pursuant to 28 U.S.C. §2244(d).

### **Cognizability**

Habeas corpus relief on behalf of a person in state custody is only available on grounds that he is in custody in vioaltion of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). Although couched in terms of a constitutional violation, in effect Petitioner's arguments concerning the legality of his sentence rest on state law as interpreted in the holding in *Benedict v. Maryland*, 377 Md. 1, 831 A.2d 1060 (1993), and on his contention that he did not

-4-

receive full credit for time served. (*See* Paper No. 1 at 8-20). The claim does not allege infringement of federal constitutional protections, and thus is not a cognizable ground for federal

habeas corpus relief.  *See* 28 U.S.C. §2254(a); *Estelle v.* McGuire, 502 U.S. 62 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

## Exhaustion of State Remedies and Procedural Default

Because a court can grant a writ of habeas corpus filed by a state prisoner, the prisoner must first exhaust all remedies available to him in the state-court system.  *See* 28 U.S.C.  § 2254(b)(1)(A); *Gray v. Netherland*, 518 U.S. 152, 161 (1996).  One reason for this rule is to give "state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing."  *Matthews v. Evatt,* 105 F.3d 907, 910 (4th Cir. 1997) (citing *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). Thus, any issue brought to the federal court must have been first "fairly presented" to the state court for review.  *See Matthews*, 105 F.3d at 911 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).  Failure to raise the issue through an available procedure in the state system, either by way of direct appeal or through post-conviction mechanisms, renders the claim unexhausted for purposes of federal review.  *See* 28 U.S.C. § 2254(c).  The Court has reviewed the extensive record, and finds that Petitioner's second, third,  fourth and fifth grounds were not fully exhausted in the state courts and thus are procedurally defaulted.[4]  They accordingly will not be considered here.

---

[4] As to the second claim concerning involuntariness of the plea, Petitioner did not raise concerns about this claim in an application for leave to appeal the entry of the plea and did not challenge the voluntariness of the plea in his application for leave to appeal the state post conviction decision.  Claim three concerning erroneous revocation of probation was not raised in the application for leave to appeal the post conviction court's decision denying relief.  The fourth claim, alleging error with regard to sentence modification, and the fifth claim, alleging ineffective assistance of counsel at the taking of the plea and at his probation revocation hearing, also were not raised in the application for leave to appeal the denial of state post conviction relief.

For the reasons stated here, Petitioner is not entitled to habeas corpus relief. A separate Order will be entered in accordance with this Memorandum.

December 13, 2005                             _____/s/_____
                                                                    William D. Quarles, Jr.
                                                                    United States District Judge